UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 16-167 |
| JOHNNY WILLIAMS | SECTION: "E" |

# ORDER

Before the Court is Defendant Johnny Williams' Motion to Reduce his Sentence.[1] For the following reasons, Defendant's motion is **DENIED**.

# BACKGROUND

On September 13, 2016, Johnny Williams was charged in a one-count bill of information,[2] which stated in substance that beginning on or about October 31, 2013, in the Eastern District of Louisiana, Johnny Williams did knowingly and intentionally distribute a quantity of methamphetamine, a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(C).[3]

On September 21, 2016, Williams pleaded guilty to Count One of the bill of information.[4] As part of his plea, Williams and his counsel signed a factual basis detailing the conduct he committed and signed a plea agreement.[5] In the plea agreement, Williams pleaded guilty to Count One and waived his appellate rights in exchange for the Government's agreement it would "not charge [Williams] with any other violations of the Federal Controlled Substances Act that he may have committed in the Eastern District of

---

[1] R. Doc. 61.
[2] R. Doc. 15.
[3] *Id.*
[4] R. Doc. 19.
[5] R. Docs. 20, 21.

1

Louisiana prior to January 8, 2016."[6] Williams also agreed to "waive[] and give[] up any right to challenge the manner in which defendant's sentence was determined and to challenge any United States Sentencing Guideline determinations and their application by any judge to defendant's sentence and judgment."[7] On March 21, 2018, Williams was sentenced to sixty-nine months in prison followed by a five year term of supervised release.[8] The sentence was a downward departure from the Guidelines range of 92 to 115 months. The Court ordered Williams receive credit for the seven months and twenty-five days he served on related state charges.[9]

## **ANALYSIS**

In this motion, Defendant moves the Court to reduce his sentence on the grounds that he has not received credit for the time he served in state prison on related state charges.[10] For several reasons, the Court finds such relief is unavailable.

The Fifth Circuit has explained a district court has limited authority to modify or correct a sentence:

> 18 U.S.C. § 3582(b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as: (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.[11]

---

[6] R. Doc. 20, at 1.
[7] *Id.* at 3.
[8] R. Docs. 60.
[9] *Id.*
[10] R. Doc. 61.
[11] *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

2

None of these limited circumstances applies in this case. The Director of the Bureau of Prisons has not moved to modify the Defendant's term of imprisonment. As a result, the Defendant is unable to seek relief pursuant to 18 U.S.C. § 3582(c)(1). Nor has the Defendant alleged an "arithmetical, technical, or other clear error" by the district court sufficient to seek relief under Rule 35.[12] Finally, Defendant was given a sixty-nine-month sentence pursuant to his plea agreement, rather than a sentence based on the 92 to 115 month range posited by the Sentencing Guidelines. Accordingly, § 3582(c)(3) does not apply.

The Court reiterates her opinion that Williams should receive credit from the Bureau of Prisons for the seven months and twenty-five days he served in state prison on related state charges. Nevertheless, the Court is unable to reduce Williams' sentence based on the allegations set forth in his current motion.

## CONCLUSION

**IT IS ORDERED** that Defendant Johnny Williams' Motion to Reduce his Sentence is **DENIED**.[13]

**New Orleans, Louisiana, this 31st day of October, 2019.**

*(signature)*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[12] FED. R. CRIM. P. 35.
[13] R. Doc. 61.